| | |
|---|---|
| 1 | DALE J. GIALI (SBN 150382) |
| 2 | dgiali@mayerbrown.com<br>DANIEL D. QUEEN (SBN 292275) |
| 3 | dqueen@mayerbrown.com<br>MAYER BROWN LLP |
| 4 | 350 South Grand Avenue<br>Los Angeles, California 90071 |
| 5 | Telephone:  (213) 229-9500<br>Facsimile:  (213) 625-0248 |
| 6 | *[Additional Counsel Below Signature Block]* |
| 7 | Attorneys for Plaintiff NESTLÉ USA, INC. |
| 8 | RITA M. HAEUSLER (SBN 110574) |
| 9 | rita.haeusler@hugheshubbard.com<br>HUGHES HUBBARD & REED LLP |
| 10 | 1999 Avenue of the Stars, 9th Floor<br>Los Angeles, CA  90067-4620 |
| 11 | Telephone:  (213) 613-2800<br>Facsimile:  (213) 613-2950 |
| 12 | *[Additional Counsel Below Signature Block]* |
| 13 | Attorneys for Defendant  BEST FOODS LLC |

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NESTLÉ USA, INC., | CASE NO. 2:21-cv-02659 MCS (JPRx) |
| Plaintiff, | [Assigned to the Honorable Mark C. Scarsi and the Honorable Jean P. Rosenbluth**]** |
| vs. | **STIPULATED PROTECTIVE ORDER** |
| BEST FOODS LLC, | **DISCOVERY MATTER** |
| Defendant. | [*Proposed order submitted concurrently herewith*] |
| | [Complaint Filed:  March 26, 2021] |

1. INTRODUCTION

    1.1 PURPOSES AND LIMITATIONS

    Discovery in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order (the "Order"). The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3 below, that this Order does not entitle them to file Protected Material under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

    1.2 GOOD CAUSE STATEMENT

    This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action may be warranted. Such confidential and proprietary materials and information may consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

2

STIPULATED PROTECTIVE ORDER
CASE NO. 2:21-CV-02659-MCS-JPR

In particular, in its complaint, plaintiff Nestlé USA, Inc. ("Plaintiff") has alleged that defendant Best Foods, Inc. ("Defendant") has been importing Nestlé "grey market goods" products into the United States without Plaintiff's authorization, and that there are material differences between Plaintiff's products and Defendant's products, including product composition and formulation, food safety and quality assurance processes, and post-sale services offered to sellers. As a result, the parties expect that discovery may invoke commercially sensitive business information, such as confidential pricing information, proprietary information about customers and distribution practices, and other information that has been developed and kept confidential by the parties. Likewise, the parties expect that discovery may invoke extremely sensitive trade secrets and other highly confidential information—such as information about product formulations and/or manufacturing processes—that, if disclosed, could seriously damage the parties' ability to compete in the marketplace. The need to place protections on disclosure of information is heightened here, where Plaintiff and Defendant are competitors in the marketplace.

Accordingly, to ensure that confidential and highly confidential information is not inappropriately disclosed, but to simultaneously expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as Confidential or Highly Confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.     DEFINITIONS

    2.1     <u>Action</u>: the lawsuit captioned *Nestlé USA, Inc. v. Best Foods LLC*, filed in the United States District Court for the Central District of California, Case No. 2:21-cv-02659.

    2.2     <u>Challenging Party</u>:  a Party or Nonparty that challenges the designation of information or items under this Order.

    2.3     <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and that the Designating Party and its counsel believe in good faith would be prejudicial to the business or operations of such party if publicly disclosed, but does not qualify as "HIGHLY CONFIDENTIAL" Information or Items (as defined below).

    2.4     <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

    2.5     <u>Designating Party</u>:  a Party or Nonparty that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

    2.6     <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

    2.7     <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

    2.8     <u>"HIGHLY CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and that the Designating

Party and its counsel consider to be the most sensitive, including but not limited to trade secret or other highly confidential research, development, or financial information.

2.9     House Counsel:  attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Nonparty:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record:  attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, including support staff.

2.12    Party:  any Party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    Producing Party:  a Party or Nonparty that produces Disclosure or Discovery Material in this Action.

2.14    Professional Vendors:  persons or entities that provide litigation support services (for example, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.16    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.  **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above) but also any information copied or extracted from Protected Material; all copies, excerpts, summaries, or compilations of Protected Material; and any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial will be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.  **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition is the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice, or (2) final judgment after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time under applicable law.

5.  **DESIGNATING PROTECTED MATERIAL**

5.1  Each Party or Nonparty that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (for example, to unnecessarily encumber the case-development process or to

1  impose unnecessary expenses and burdens on other parties) may expose the
2  Designating Party to sanctions.

3        If it comes to a Designating Party's attention that information or items it
4  designated for protection do not qualify for that level of protection, that Designating
5  Party must promptly notify all other Parties that it is withdrawing the inapplicable
6  designation.

7        5.2   Except as otherwise provided in this Order, Disclosure or Discovery
8  Material that qualifies for protection under this Order must be clearly so designated
9  before the material is disclosed or produced.

10       Designation in conformity with this Order requires the following:

11       (a)  for information in documentary form (for example, paper or electronic
12 documents but excluding transcripts of depositions or other pretrial or trial
13 proceedings), the Producing Party must affix at a minimum the legend
14 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page that contains
15 Protected Material.

16       A Party or Nonparty that makes original documents available for inspection
17 need not designate them for protection until after the inspecting Party has indicated
18 which documents it would like copied and produced.  During the inspection and
19 before the designation, all material made available for inspection must be treated as
20 "HIGHLY CONFIDENTIAL."  After the inspecting Party has identified the
21 documents it wants copied and produced, the Producing Party must determine which
22 documents, or portions thereof, qualify for protection under this Order.  Then, before
23 producing the specified documents, the Producing Party must affix the
24 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" legend to each page that
25 contains Protected Material.

26       (b)  for testimony given in depositions, the Designating Party must identify the
27 Disclosure or Discovery Material that is protected either (a) on the record, before the

28

close of the deposition, or (b) in writing, within fourteen (14) days after the Designating Party's receipt of the final deposition transcript, until which time such deposition transcript shall be treated as "HIGHLY CONFIDENTIAL."

(c) for information produced in some form other than documentary and for any other tangible items, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If only a portion or portions of the information warrant protection, the Producing Party, to the extent practicable, must identify the protected portion(s).

5.3   If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for that material. On timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.  **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1   Any Party or Nonparty may challenge a designation of confidentiality at any time consistent with the Court's scheduling order.

6.2   The Challenging Party must initiate the dispute-resolution process (and, if necessary, file a discovery motion) under Local Rule 37.

6.3   The burden of persuasion in any such proceeding is on the Designating Party. Frivolous challenges, and those made for an improper purpose (for example, to harass or impose unnecessary expenses and burdens on other parties), may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties must continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Nonparty in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of people and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a manner sufficiently secure to ensure that access is limited to the people authorized under this Order.

7.2 Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to the following people:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of that Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)  during their depositions, witnesses and attorneys for witnesses to whom disclosure is reasonably necessary, provided that the deposing party requests that the witness sign the form attached as Exhibit A hereto and the witnesses will not be permitted to keep any confidential information unless they sign the form, unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(i)  any mediator or settlement officer, and their supporting personnel, mutually agreed on by any of the Parties engaged in settlement discussions or appointed by the Court.

7.3   Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to the following people:

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of that Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)  the Court and its personnel;

(d)  court reporters and their staff;

(e)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   (f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

   (g) any mediator or settlement officer, and their supporting personnel, mutually agreed on by any of the Parties engaged in settlement discussions or appointed by the Court.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," that Party must

   (a) promptly notify in writing the Designating Party. Such notification must include a copy of the subpoena or court order unless prohibited by law;

   (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification must include a copy of this Order; and

   (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order should not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination on the protective-order request by the relevant court unless the Party has obtained the Designating Party's permission. The Designating Party bears the burden and expense of seeking protection of its Confidential Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. **A NONPARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

The terms of this Order are applicable to information produced by a Nonparty in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such information is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Nonparty from seeking additional protections.

10. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately notify the Designating Party in writing of the unauthorized disclosures, use its best efforts to retrieve all unauthorized copies of the Protected Material, inform the person or people to whom unauthorized disclosures were made of the terms of this Order, and ask that person or people to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

12. **MISCELLANEOUS**

12.1 Nothing in this Order abridges the right of any person to seek its modification by the Court.

12.2 By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on

any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3   A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may be filed under seal only pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

13.   FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that identifies (by category, when appropriate) all the Protected Material that was returned or destroyed and affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION).

14. **SANCTIONS**

Any willful violation of this Order may be punished by civil or criminal contempt, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: August 26, 2021

MAYER BROWN LLP
DALE J. GIALI
DANIEL D. QUEEN

ADAM HUDES
STEPHEN COHEN

By: /s/ Daniel D. Queen
Daniel D. Queen
Attorneys for Plaintiff
NESTLE USA, INC.

DATED: August 26, 2021

HUGHES HUBBARD & REED LLP
RITA M. HAEUSLER
ROBBY S. NAOUFAL

By: /s/ Rita M. Haeusler
Rita M. Haeusler
Attorneys for Defendant
BEST FOODS LLC

**ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby attest that Rita M. Haeusler has concurred in this filing's content and has authorized this filing.

Dated: August 26, 2021

By: /s/ Daniel D. Queen
Daniel D. Queen

*Additional Counsel*:

ADAM HUDES (admitted *pro hac vice*)
ahudes@mayerbrown.com

STEPHEN COHEN (admitted *pro hac vice*)
scohen@mayerbrown.com
1999 K Street, N.W.
Washington, D.C. 20006
Telephone:  (202) 263-3000
Facsimile:  (202) 263-3300

Attorneys for Plaintiff NESTLÉ USA, INC.

DIEGO DURAN DE LA VEGA (*admitted pro hac vice*)
diego.duran@hugheshubbard.com
MICHAEL M. POLKA (*admitted pro hac vice*)
michael.polka@hugheshubbard.com
One Battery Park Plaza
New York, NY 10004
Telephone:  (212) 837-6000
Facsimile:  (212) 299-6373

Attorneys for Defendant  BEST FOODS LLC

**IT IS SO ORDERED.**

Dated:  August 31, 2021

_____
Honorable Jean P. Rosenbluth
U.S. Magistrate Judge

15

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**full name**], of _____ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was entered by the U.S. District Court for the Central District of California on **[date of entry of Stipulated Protective Order]** in the case of *Nestlé USA, Inc. v. Best Foods LLC*, Case No. 2:21-cv-02659 (the "Order"). I agree to comply with and to be bound by all terms of the Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment, including contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Order to any person or entity except in strict compliance with the provisions of the Order.

I further agree to submit to the jurisdiction of the U.S. District Court for the Central District of California for the purpose of enforcing the terms of the Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of the Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____